IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

VINCENT F. DIAL,

    Petitioner,

v.                                                                            Civil Action No. **3:09cv004**

GENE M. JOHNSON,

    Respondent.

## MEMORANDUM OPINION

Petitioner, a Virginia prisoner proceeding *pro se*, filed this 28 U.S.C. § 2254 petition. Respondent filed a motion to dismiss, claiming that, *inter alia*, Petitioner's claims are meritless and procedurally defaulted. Petitioner has responded, and the matter is ripe for disposition.

### I. PROCEDURAL HISTORY

Petitioner was first sentenced to a twenty-nine-year term of incarceration on July 12, 1982, pursuant to convictions for burglary, robbery, and weapons offenses. On July 5, 1989, Petitioner was released on discretionary parole with fifteen years, six months, and twenty-nine days left to serve on his sentence. On August 19, 1992, Petitioner was arrested for a parole violation. On May 11, 1993, the Virginia Parole Board ("VPB") revoked Petitioner's discretionary parole. Petitioner was subsequently convicted of voluntary manslaughter,[1] and on May 16, 1996, Petitioner was sentenced to a five-year active term of imprisonment, with an additional five years suspended.

---

[1] On April 9, 1993, Petitioner was sentenced pursuant to convictions for second degree murder and weapons offenses. The Court of Appeals of Virginia reversed Petitioner's conviction for second degree murder. *Dial v. Commonwealth*, No. 0726-93-1, 1995 WL 79901, at *2 (Va. App. Feb. 28, 1995).

On October 9, 2002, Petitioner was released on mandatory parole.[2] On September 27, 2004, Petitioner was arrested and returned to custody. On February 18, 2005, Petitioner was convicted in the Chesapeake Circuit Court of two counts of hit and run and one count of eluding police. Petitioner was sentenced to a total active term of imprisonment of twenty-seven months. On April 13, 2005, Petitioner was convicted of felony assault of a police officer and unlawful wounding by caustic substance. Petitioner was sentenced to an additional term of imprisonment of three years, of which twenty-three months was to be served consecutively. Thus, Petitioner was sentenced in 2004 and 2005 to a total consecutive term of imprisonment of fifty months.

On June 30, 2005, the VPB revoked Petitioner's parole and required him to serve the portion of his sentences left unserved on his October 9, 2002 parole, which included the eight months and one day of time left to serve from parole, along with the sixteen years, one month, and two days of good time credits previously applied to his sentences. (Brown Aff. ¶ 10.)

Petitioner filed a state habeas petition on May 10, 2007. Petitioner raised the following claims:

| | |
|---|---|
| Claim 1: | The VDOC incorrectly calculated Petitioner's time served, good conduct allowance time, and discharge date. |
| Claim 2: | Revoking Petitioner's good time credits for committing a parole violation pursuant to Sections 53.1-159 and 53.1-165 of the Virginia Code, which were adopted in 1985 and 1986, violated the Ex Post Facto Clause. |
| Claim 3: | Petitioner's was unconstitutionally denied an attorney at his parole revocation hearing. |

---

[2] Unlike discretionary parole, which requires an assessment of an offender's suitability for release, mandatory parole is presumptively granted on the date that a prisoner's earned good-time credit, plus the amount of time actually served, equals the total sentence minus six months. *See* Va. Code. Ann. § 53.1-159 (discussing mandatory release date); *Amin v. Pruett*, 930 F. Supp. 1121, 1125 n.6 (E.D. Va. 1996) (discussing Virginia parole scheme).

On July 9, 2008, the Circuit Court for the County of Portsmouth ("the Circuit Court") dismissed the application as time-barred, finding that:

> The record before the Court demonstrates that this Petitioner's parole revocation occurred June 30, 2005. The record further reveals that the prisoner received notice of his sentence recalculation through a [VDOC] July 14, 2005, Legal Update. The prisoner did not, however, place his petition for a Writ of Habeas Corpus into the prison mailbox for mailing to this Court until May 11, 2007, over a year after his parole had been revoked and he had been informed of his sentence re-calculation.
> The Court accordingly finds that all of his claims presented in this Petition are barred by Virginia Code § 8.01-654(A)(2).

*Dial v. Gene M. Johnson, Dir.*, No. L-07-1290 (Va. Cir. Ct. July 9, 2008).

Petitioner filed a notice of appeal on September 11, 2008, explaining that, on September 5, 2008, he received the Circuit Court's order in an envelope dated September 4, 2008. Mem. in Supp. of Pet. for Writ of Habeas Corpus 12, *Dial v. Gene M. Johnson, Dir. of the Va. Dep't of Corr.*, No. 082011 (Va. Oct. 15, 2008). After the notice of appeal was denied as untimely, Petitioner filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on October 15, 2008. Petitioner brought the following claims:

Claim 1: The VDOC incorrectly calculated Petitioner's time served, good conduct allowance time, and discharge date.

Claim 2: Revoking Petitioner's good time credits for committing a parole violation pursuant to Sections 53.1-159 and 53.1-165 of the Virginia Code, which were adopted in 1985 and 1986, violated the Ex Post Facto Clause.

Claim 3: The Circuit Court denied Petitioner access to the Supreme Court of Virginia by preventing him from appealing the denial of his habeas corpus petition.

Pet. for Writ of Habeas Corpus 3-4, *Dial v. Gene M. Johnson, Dir. of the Va. Dep't of Corr.*, No. 082011 (Va. Oct. 15, 2008). On November 4, 2008, the Supreme Court of Virginia dismissed his petition because, *inter alia*, it was not timely filed pursuant to Va. Code § 8.01-654(A)(2).

## II. GROUNDS FOR FEDERAL HABEAS RELIEF

On January 2, 2009, the Court received from Petitioner his federal habeas petition. Petitioner brings the following claims:

Claim 1: The VDOC incorrectly calculated Petitioner's time served, good conduct allowance time, and discharge date.

Claim 2: Revoking Petitioner's good time credits for committing a parole violation pursuant to Sections 53.1-159 and 53.1-165 of the Virginia Code, which were adopted in 1985 and 1986, violated the Ex Post Facto Clause.

Claim 3: The Circuit Court denied Petitioner access to the Supreme Court of Virginia by preventing him from appealing the denial of his habeas corpus petition.

Respondent contends, *inter alia*, that Claims 1 and 2 are procedurally defaulted, and that Claim 3 does not state a basis for granting federal relief.

## III. EXHAUSTION AND PROCEDURAL DEFAULT

"In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910–11 (4th Cir. 1997)). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." *Matthews*, 105 F.3d at 911 (*citing Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994)).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (*citing Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A state rule is adequate if it is "regularly or consistently applied by the state court," and independent if it does not rely on a rule of federal constitutional law. *Mu'Min v. Pruett*, 125 F.3d 192, 196 (4th Cir. 1994) (*citing Johnson v. Mississippi*, 468 U.S. 578, 587 (1988); *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)). "After determining that a state court relied on an adequate and independent state-law ground for decision, [courts] 'may . . . not [inquire] into whether the state court properly applied its own law.'" *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998) (*citing Barnes v. Thompson*, 58 F.3d 971, 974 n.2 (4th Cir. 1995)).

The Supreme Court of Virginia found that Petitioner's claims were barred by the applicable statute of limitations.[3] Virginia's statute of limitations for habeas applications is an adequate and independent state ground for denying a claim. *See Sparrow v. Dir., Dep't of Corr.*,

---

[3] The applicable statute provides that:
> A [habeas petition], other than a petition challenging a criminal conviction or sentence, shall be brought within one year after the cause of action accrues. A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

Va. Code Ann. § 8.01-654(A)(2) (West 2009).

439 F. Supp. 2d 584, 587-88 (E.D. Va. 2006). Claims 1 and 2 are therefore procedurally defaulted.[4]

Absent a fundamental miscarriage of justice due to Petitioner's actual innocence or a showing of cause and prejudice, this Court cannot review the merits of a procedurally defaulted claim. *See Bousley v. United States*, 523 U.S. 614, 622 (1998); *Harris v. Reed*, 489 U.S. 255, 262 (1989). Petitioner does not argue that he is actually innocent of his parole violation. *See United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) ("[I]n order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." (*citing Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Petitioner also fails to argue that good cause exists to excuse his default based on any "objective factor external to the defense" that thwarted an actual attempt to correctly file his claims in state court. *McNeill v. Polk*, 476 F.3d 206, 214 (4th Cir. 2007) (*citing Richmond v. Polk*, 375 F.3d 309, 324 (4th Cir. 2004)); *see also In re Williams*, 364 F.3d 235, 239 (4th Cir. 2004) (defining "cause" in abuse of writ context as "an 'external impediment, whether it be governmental interference or the reasonable unavailability of the

---

[4] Petitioner argues in his response that his habeas petition was not filed in violation of the statute of limitations because his causes of action did not accrue on July 14, 2005, when he received his first post-revocation legal update with a projected release date of June 26, 2017. He contends that they instead accrued on August 31, 2006, when he received a legal update informing him that his new release date would be October 23, 2015. However, the only error Petitioner claims is the revocation of his good-time credits pursuant to the June 30, 2005 parole revocation. Because the fact that the VDOC had revoked Petitioner's previously earned good time was obviously made clear by the first legal update, the Court rejects Petitioner's argument. *See Liverman v. Johnson*, No. 3:07cv00344, 2008 WL 2397544, at *2 (E.D. Va. June 12, 2008) (explaining that Virignia's statute of limitations for personal injury suits does not begin anew when VPB merely adheres to prior adverse determination) (*citing Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261-62 (11th Cir. 2003)).

factual basis for the claim, . . . [that] prevented petitioner from raising the claim.'" (*quoting Noble v. Barnett*, 24 F.3d 582, 586 (4th Cir. 1994) (alterations in original)). Indeed, Petitioner does not argue that he was unaware of the factual basis of the claim at any time after receiving the July 14, 2005 legal update, which clearly indicate that the VPB was requiring him to serve the time remaining from previous sentences due to Petitioner's parole violation. Pet. for Writ of Habeas Corpus, *Dial v. Gene M. Johnson, Dir.*, No. L-07-1290 (Va. Cir. Ct. May 15, 2007); *see McCleskey v. Zant*, 499 U.S. 467, 493-94 & 498 (1991) (describing "cause" inquiry in abuse of writ context, which is governed by same standard, as "whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim"); *Rose v. Lee*, 252 F.3d 676, 687 (4th Cir. 2001) (reiterating rule that "a petitioner cannot establish cause when the facts underlying the claim were in existence and were available upon a reasonably diligent search") (*citing Murphy v. Netherland*, 116 F.3d 97, 100 (4th Cir. 1997)). Petitioner has therefore failed to demonstrate cause for failing to comply with this limitation period. Accordingly, Claims 1 and 2 are procedurally defaulted, and will be DISMISSED.

## IV. CLAIMS BASED ON ERRORS IN STATE HABEAS PROCEEDINGS

In Claim 3, Petitioner claims entitlement to relief because the Circuit Court denied him access to the courts by failing to notify him that his petition had been dismissed until after the period for filing a notice of appeal had expired. It is well settled, however, that "even where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself." *Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008) (citing cases). Thus, the denial of

appellate review of Petitioner's state habeas application is not an independent ground for federal habeas relief. *See Haynes v. Quarterman*, 526 F.3d 189, 195 (5th Cir. 2008) (explaining that "'alleged infirmities in state habeas proceedings are not grounds for federal habeas relief'" (*quoting Brown v. Dretke*, 419 F.3d 365, 378 (5th Cir. 2005))). Moreover, in spite of the untimely appeal, the Supreme Court of Virginia considered Petitioner's claims, finding Claims 1 and 2 barred by the one-year limitations period of Section 8.01-654(A)(2) of the Virginia Code. Petitioner therefore fails to show that he was disadvantaged in any way by the decision of the Virginia Court of Appeals. Claim 3 is without merit and will be DISMISSED.

## V. CONCLUSION

In light of the foregoing, Respondent's motion to dismiss (Docket No. 6) will be GRANTED. The petition for a writ of habeas corpus will be DENIED, and the action will be DISMISSED.

An appropriate Order shall issue.

/s/
James R. Spencer
Chief United States District Judge

Date: 6-23-09
Richmond, Virginia